**\*\*E-filed 12/16/10\*\***

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

THERESA D. LARA,

        Plaintiff,

  v.

CEMDAR II ENTERPRISES, et al.,

        Defendants.
_____/

No. C 10-4359 RS

**ORDER GRANTING MOTION TO REMAND**

       This action originated in Santa Clara Superior Court. Defendants Santa Clara County, Sheriff Laurie Smith, and Deputy Sheriff Craig (collectively "the County") first removed it to this forum in February of 2010, where it was assigned Case No. 10-0751 RS ("*Lara I*"). In April of 2010, *Lara I* was remanded to state court on grounds that defendants Edmundo and Jean Damasco, had not joined in, and in fact objected to, the notice of removal.

       Thereafter, plaintiff sought leave from the state court to file an amended complaint that would have omitted the Damascos from the action. Although leave was granted, plaintiff did not file the amended complaint. Apparently without confirming whether or not the amended complaint had yet been filed, the County again removed the case to this Court. Plaintiff now moves to remand contending that a second removal on the same grounds is always improper, and is even more so here in light of the fact that no amended complaint had actually been filed. Pursuant to Civil Local Rule 7-1(b), this matter is suitable for disposition without oral argument.

The motion to remand is granted. There is no dispute that at the time the County filed its notice of removal, the operative complaint was the same as it was at the time of *Lara I*; therefore no basis for removal existed.[1] In the event the amended complaint is subsequently filed in state court or the Damascos are otherwise dismissed from the suit, the County is directed not to attempt to remove the action to this Court again unless it has clear precedential authority that: (1) after an initial remand on grounds that not all defendants joined in the removal, remaining defendants can properly file a subsequent notice of removal upon dismissal of the objecting defendants, and (2) after a defective removal based on a supposition that objecting defendants had been dismissed, the remaining defendants may properly remove upon actual dismissal of those defendants. *Cf. St. Paul & C. Ry. Co. v. McLean,* 108 U.S. 212, 217, 2 S.Ct. 498, 500 (1883) (after remand for procedural defect in removal, party not entitled to second removal merely by curing defect).

IT IS SO ORDERED.

Dated: 12/16/10

_____
RICHARD SEEBORG
UNITED STATES DISTRICT JUDGE

---

[1] Plaintiff implies that the removal would have been improper even if the amended complaint had been filed, but the authority she cites does not conclusively establish such a rule. *See Midlock v. Apple Vacations West, Inc.,* 406 F.3d 453, 458 (7th Cir. 2005) (disapproving successive removals, but only where no "intervening events justify that step.").